O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| JAMES ZIMMER, MELVIN RICH, ERNIE ARNOLD, SANDRA GREENE, JAMES MITCHELL, KURT SHOEMAKER SR., RANDALL ORTEGO, STEVEN HORNER, SR., JAMES JACKSON, DEBRA SADLER, AND RICHARD HAISC<br>　　　　　Plaintiffs,<br>　　v.<br>DOMETIC CORPORATION,<br>　　　　　Defendant. | Case CV 2:17-cv-06913 ODW (MRWx)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO STAY [35] AND GRANTING DEFENDANT'S MOTION TO TRANSFER [20]** |

## I.   INTRODUCTION

Dometic Corporation is currently defending three separate putative class actions brought in three different districts. (Mot. Transfer Venue at 2–5, ECF No. 20.) One of these is the action currently before the Court. (*Id.*) All three suits involve similar allegations and claims. (*Id.*) Because of these similarities, Defendant moved to transfer this action from the Central District of California to the Southern District of

Florida, where a previously consolidated action is also pending against Dometic.[1] (*Id.* at 1, 5.)

Plaintiffs moved to stay judgment on transferring this case to the Southern District of Florida until the Judicial Panel on Multi-Issue Litigation ("JPML") issued its opinion. (ECF No. 35.) JPML has since denied transfer. (JPML Den. Transfer, Ex. B, ECF No. 43-2.) For the reasons discussed below, the Court **DENIES**, as moot, Plaintiffs' Motion to Stay Judgment (ECF No. 35) and **GRANTS** Defendant's Motion to Transfer Venue to the District Court of the Southern District of Florida (ECF No. 20).

## II. FACTUAL BACKGROUND

On April 21, 2016, Plaintiffs brought a putative class action against Dometic Corporation alleging the existence of a "common, dangerous, and inherent defect" in Dometic's gas absorption refrigerators. (Compl. ¶¶ 1–3, 177, ECF No. 1.) Prior to this action, two substantially similar suits were filed in the Southern District of Florida. *See Varner v. Dometic Corp.*, Case No. 16-cv-22482-SCOLA (S.D. Fla. June 24, 2016); *Zucconi v. Dometic Corp.*, Case No. 17-cv-23197-SCOLA (S.D. Fla. Aug. 23, 2017). Zimmerman Reed, putative class counsel in this case, filed the *Varner* action on June 24, 2016. (*Varner* Compl., Case No. 16-cv-22482-SCOLA, ECF No. 1.) The *Zucconi* action was subsequently filed on August 23, 2017. (*Zucconi* Compl., Case No. 17-cv-23197-SCOLA, ECF No. 1.) Because of the similarity between *Varner* and *Zucconi*, the court consolidated the two actions (hereinafter, the "*Varner/Zucconi* action"). (*See Varner* Order Consol. Cases, Case No. 16-cv-22482-SCOLA, ECF No. 237).

In both the *Varner/Zucconi* action and this case, Plaintiffs allege a defect in the boiler assembly of the cooling unit of Dometic's refrigerator, causing premature cracking that releases highly flammable hydrogen and ammonia. (ECF No. 20.) At

---

[1] The third action against Dometic is pending in the Northern District of California. *See Papasan v. Dometic Corp.*, No 3:16-cv-02117-HSG (N.D. Cal. Apr. 22, 2016).

points, both complaints use identical language. (ECF No. 20; *see also* Compl. ¶ 176; *Varner* SAC ¶ 105, Case No. 16-cv-22482-SCOLA, ECF No. 89; *Zucconi* Compl. ¶ 74, Case No. 17-cv-23197-SCOLA, ECF No. 1.) They also assert the same causes of action, including state consumer protection and implied warranty claims on behalf of the putative class. (ECF No. 20 at 8.)

This case is brought on behalf of putative classes in California, Texas, Virginia, Arizona, Delaware, New Jersey, Louisiana, Arkansas, and New York who "purchased or owned a Defective Gas Absorption Refrigerator or a Defective Cooling Unit." (Compl. ¶ 233, ECF No 1.) The putative classes in this case, moreover, are fully subsumed by the nationwide putative class identified in the *Varner/Zucconi* action. (ECF No. 20 at 8.) *Zucconi* involves a *nationwide* class for the same or similar claims. *(Id.; see Zucconi* Compl. ¶ 127, Case No. 17-cv-23197-SCOLA, ECF No. 1.)

The Southern District of Florida dismissed the *Varner* action after ruling on Summary Judgment, Class Certification, and *Daubert* Motions. (*Varner* Order Sum. J., Case No. 16-cv-22482-SCOLA, ECF No. 219.) However, the claims from *Zucconi* remain to be adjudicated.

Another case involving similar claims and the same defendant is pending in the Northern District of California. *See Papasan v. Dometic Corp.*, No 3:16-cv-02117-HSG (N.D. Cal. Apr. 22, 2016). *Papasan* predates both *Varner* and *Zucconi*, but involves different counsel. (Opp. Transfer, ECF No. 31.) There is currently a motion pending to transfer *Papasan* to the Southern District of Florida as well. (*Papasan* Mot. Transfer, Case No. 4:16-cv-02117-HSG, ECF No. 83.) The Southern District of Florida stayed *Varner/Zucconi* pending the outcome of the motions for transfer in *Papasan* and here. (*Varner* Order Granting Mot. Stay, Case No. 16-cv-22482-SCOLA, ECF No. 261.)

The JPML recently declined to consolidate these cases, largely on the grounds that transferring the cases to a single district would "enable the actions on the motion

to be litigated in a single district" without the JPML's involvement. (JPML Not. Decision, Ex. B, ECF No. 43-2.)[2]

## III. LEGAL STANDARD

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). This is done at the discretion of the Court after weighing competing interests. *Kansas City Southern R. Co. v. United States*, 282 U.S. 760, 763 (1931).

"The first-to-file rule is a doctrine of federal comity that serves to promote judicial efficiency and avoid conflicting judgments." *Church of Scientology of California v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979), *overruled on other grounds by Animal Legal Defense Fund v. U.S. Food & Drug Admin.*, 611 F.2d 738 (9th Cir. 1979). It is a discretionary doctrine. *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1146 (E.D. Cal. 2010). The Court may decline to apply it in the interests of equity. *Id.* However, a party can only avoid application of the first-to-file rule by demonstrating the presence of "compelling circumstances" that caution against the transfer. *White v. Peco Foods, Inc.*, 546 F. Supp. 2d 339, 341 (S.D. Miss. 2008). In such instances, the court may choose to adopt a "different approach" as dictated by the "circumstances and modern judicial reality." *Church of Scientology,* 611 F.2d at 750.

## IV. DISCUSSION

### A. Mootness of Plaintiffs' Motion to Stay

Plaintiffs requested a stay pending the decision of the JPML. (Pls.' Mot. Stay, ECF No. 35.) On January 30, 3018, the JPML denied Plaintiffs' request to centralize these actions in a multidistrict litigation, making this motion moot. (ECF No. 43-2.)

---

[2] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

Accordingly, the Court **DENIES** Plaintiffs' Motion to Stay. *See Gerin v. Aegon USA, Inc.*, No. C06-5407 SBA, 2007 WL 1033472, at *8 (N.D. Cal. Apr. 4, 2007) (denying a motion to stay as moot where relief could not be granted consistent with the court's opinion).

### B.    Appropriateness of Transfer

Defendants assert this case should be transferred to the Southern District of Florida under the first-to-file rule, as well as 28 U.S.C. § 1404(a). "The federal courts have long recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." *W. Gulf Marine Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985). This led to the development of the first-to-file rule, a deferential rule permitting a district court to decline to exercise jurisdiction in an action that involves the same parties and issues as an earlier filed action pending in another district. *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982). "It may be invoked 'when a complaint involving the same parties and issues has already been filed in another district.'" *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (quoting *Pacesetter*, 768 F.2d at 95). It provides the court in the second-filed action with the discretion to transfer, stay, or dismiss the action in the interest of justice. *Alltrade,* 946 F.2d at 623, 628. The first-to-file rule plays a significant role in reducing wasted time, avoiding contradictions between courts of concurrent jurisdiction, and ensuring uniformity of decisions. *Cherokee Nation v. Nash*, 724 F. Supp. 2d 1159, 1165 (N.D. Okla. 2010). This "'first to file' rule normally serves the purpose of promoting efficiency well and should not be disregarded lightly." *Pacesetter Systems*, 678 F.2d at 95 (internal citation omitted). However, there are a number of equitable exceptions to this rule. *See Lawyers Funding Group, LLC v. Harris,* No. CV 15-4059 MMM (EX), 2015 WL 13306500, at *2 (C.D. Cal. Oct. 7, 2015).

To determine when the first-to-file rule applies, courts consider: (1) the chronology of the actions; (2) the similarity of the parties; and (3) the similarity of the issues. *Calderon v. Cargill, Inc.*, No. CV 13-7406-GHK, 2013 WL 12205633 at *1 (C.D. Cal. Dec. 10, 2013). All three factors weigh in favor of transferring this action to the Southern District of Florida.

*1. Chronology of the Actions*

The first—and most fundamental—requirement is that the action in the transferee district court must have been filed prior to the action in the transferor district court. *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1293–94 ( N.D. Cal. 2013). Putative class counsel filed the *Varner* action on June 24, 2016; the *Zucconi* action on August 23, 2017; and this action on September 19, 2017.[3] (*Varner* Compl., Case No. 16-cv-22482-SCOLA, ECF No. 1; *Zucconi* Compl., Case No. 17-cv-23197-SCOLA, ECF No. 1; Compl., ECF No. 1.) Thus, the filing of *Varner/Zucconi* preceded the filing of this action, and the parties do not dispute this. (*See* Mot. Transfer, ECF No. 20 at 20–21; Pls.' Opp. To Transfer, ECF No. 31 at 14.)

The *Papasan* action was filed first, on April 21, 2016, in the Northern District of California. (ECF No. 14–15.) Plaintiffs assert that this means the only venue to which transfer would be appropriate under the first-to-file rule is the Northern District. (*Id.*) However, "[t]o properly apply the first-to-file rule [with regard to chronology], the district court need only find that . . . a pending case in another federal court was filed previously." *Luckett v. Peco Foods, Inc.*, No. 3:07cv86-KS-MTP, 2008 WL 534760 at *2 (S.D. Miss. Feb. 22, 2008). Here, the *Varner/Zucconi* action was filed before this case and already includes two related actions. Whether *Papasan* will also be transferred is left to the discretion of Northern District. *See Adoma*, 711 F. Supp. 2d at 1146–47 (finding the chronology factor is satisfied with respect to an earlier filed case, without ever reaching an analysis of chronology in regard to a third case

---

[3] The Southern District of Florida consolidated these two actions on September 27, 2017. (*Zucconi* Order Consol. Cases, ECF No. 26.)

filed even earlier).  Transferring this case to the Southern District of Florida, where two similar cases have already been consolidated, serves the interests of justice and the purpose underlying the first-to-file rule.

*2. Similarity of the Parties*

The first-to-file rule requires "substantial similarity" between the parties. *Adoma*, 711 F. Supp. 2d at 1147.  However, the parties need not be identical. *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss. Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015).  Here, the defendants in both actions are identical. (*See Varner* Compl., Case No. 16-cv-22482-SCOLA, ECF No. 1; Compl., ECF No. 1.)  As to the plaintiffs, in a class action context, plaintiffs' similarity is determined by comparing the putative classes. *See Persepolis Enter. v. United Parcel Serv., Inc.*, No. C-07-02379 SC, 2007 WL 2669901, at *2 (N.D. Cal. Sept. 7, 2007).  Thus, parties are sufficiently similar wherever the proposed class in the second suit is "subsumed by the expansively worded" class in a prior action. *Vester v. Werner Enterprises, Inc.*, No. EDCV 17-96-GW (DTBX), 2017 WL 1493673 at *4 (C.D. Cal. Apr. 24, 2017).  This case is brought on behalf of putative classes of citizens from California, Texas, Virginia, Arizona, Delaware, New Jersey, Louisiana, Arkansas, and New York who "purchased or owned a Defective Gas Absorption Refrigerator or a Defective Cooling Unit." (Compl. ¶ 233, ECF No 1.)  *Zucconi* is brought on behalf of a putative *nationwide* class of individuals who purchased or owned the same defective product. (ECF No. 20 at 8; *see Zucconi* Compl. ¶ 127, Case No. 17-cv-23197-SCOLA.)  Thus, the class, as defined in *Zucconi*, subsumes those in this action.  Plaintiffs do not dispute this, and, instead, rest their entire opposition on their assertion that this case should be transferred to the Northern District of California. (ECF No. 31 at 15.)  Thus, this factor favors transfer.

*3. Similarity of the Issues*

Finally, the court looks to whether the issues in the case are "substantially similar." *Adoma*, 711 F. Supp. 2d at 1147.  This factor does not require total

uniformity of claims but rather focuses on the underlying factual allegations. *Red v. Unilever United States, Inc.*, No. 09-07855 MMM (AGRX), 2010 WL 11515197, at *5–6 (C.D. Cal. Jan. 25, 2010); *see also Texas Instruments Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997 (E.D. Tex. 1993) ("The cases need not be identical to be duplicative."). While this action raises some unique state law claims (ECF No. 1), the factual allegations giving rise to these claims and the central theories of liability are identical to those in *Varner/Zucconi*. (ECF No. 20 at 22.) In fact, because the same counsel filed both actions, there are many times the complaints utilize the exact same phrasing. (*See, e.g., Varner* SAC ¶ 105, Case No. 16-cv-22482-SCOLA, ECF No. 89; *Zucconi* Compl. ¶ 74, Case No. 17-cv-23197-SCOLA, ECF No. 1; Compl. ¶ 176, ECF No. 1.) Plaintiffs do not dispute the similarity between the actions; indeed, they themselves acknowledge the actions should be consolidated. *(See* JPML Den. Transfer, Ex. B at 1, ECF No. 43-2.) Thus, the similarity of issues is also satisfied.

  *4. Fairness & Equitable Concerns*

Here, there is no question that judicial resources will be best preserved by transfer to the Southern District of Florida. *See Church of Scientology*, 611 F.2d at 749 ("The *purpose* of the comity principle is of paramount importance.") (emphasis added). It will place the case before a judge already familiar with, and presiding over, similar claims. (*See* ECF No. 20); *Church of Scientology,* 611 F.2d at 750 (quoting *Crawford v. Bell*, 599 F.2d 890 (9th Cir. 1979)) (It is "imperative to avoid concurrent litigation in more than one forum whenever consistent with the rights of the parties.").

Plaintiffs assert that the first-to-file rule weighs against transfer to Florida because *Papasan* was filed first and is in the Northern District of California. However, "[c]ircumstances and modern judicial reality . . . may demand . . . a different approach from time to time," and in this case, transfer to Florida is most equitable. *Id.* at 750. Exceptions to the first-to-file rule include bad faith, anticipatory suit, forum shopping, a clear balance of convenience in favor of a later-filed action, or

a later-filed action that has further progressed. *See Lawyers Funding Group, LLC v. Harris,* 2015 WL 13306500, at *2. The *Varner/Zucconi* action has progressed further than this case, in which the Court has not even issued a scheduling order. *Papasan* is in a similar procedural posture to this case, with a motion to transfer pending. (*Papasan* Mot. Transfer, Case No. 4:16-cv-02117-HSG, ECF No. 83.)

The purpose of the first-to-file rule is to "avoid placing an unnecessary burden on the federal judiciary and to avoid the embarrassment of conflicting judgments." *Church of Scientology*, 611 F.2d at 751. This means consolidating discovery where possible and conserving time, energy, and financial resources. *Callway Golf Co. v. Corporate Trade Inc.*, No. 09CV384 L (POR), 2010 WL 743829, at *7 (S.D. Cal. Mar. 1, 2010). Because the *Varner/Zucconi* action has progressed further than this one, and *Papasan* has a similar procedural posture, the equities demand transfer under the first-to-file rule. Accordingly, the Court **GRANTS** Defendant's Motion to Transfer and declines to rule on the parties' Section 1404 arguments. *See Calderon v. Cargill, Inc.,* No. CV 13-7046-GHK, 2013 WL 12205633, at *1 (C.D. Cal. Dec. 10, 2013) (transferring case pursuant to first-to-file rule and declining to rule on Section 1404 factors).

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES**, as moot, Plaintiffs' Motion to Stay Judgment (ECF No. 35) and **GRANTS** Defendant's Motion to Transfer Venue. (ECF No. 20.) Accordingly, the Court instructs the Clerk to **TRANSFER** this case to the District Court of the Southern District of Florida.

**IT IS SO ORDERED.**

February 22, 2018

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**